UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FAWN W.,

　　　　　　　　　Plaintiff,

　　　v.

COMMISSIONER OF SOCIAL SECURITY,

　　　　　　　　　Defendant.

CASE NO. C22-5737-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

　　　　Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

　　　　Plaintiff was born on XXXX, 1986.[1] Plaintiff has at least a high school education and previously worked as an intake coordinator, billing assistant, office clerk, and collection agent. AR 27. Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on August 22, 2019, alleging disability beginning April 1,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

2018. AR 13. The applications were denied at the initial level and on reconsideration. On April 9, 2021, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 37–72. At the hearing, Plaintiff amended her alleged onset date to November 6, 2018. AR 13, 41. On June 20, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 13–29. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on August 4, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–6. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. AR 15.

At step two, the ALJ found Plaintiff has the following severe impairments: seizure disorder; right shoulder disorder, migraine headaches; hearing loss; obesity; PTSD; and anxiety. AR 16. The ALJ also found the record contained evidence of hypertension and hyperlipidemia; however, the ALJ found these conditions did not rise to the level of severe. AR 16.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meet or equal the criteria of a listed impairment. AR 16–18.

At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> occasional lifting and/or carrying of 20 pounds, frequent lifting and/or carrying of 10 pounds, pushing/pulling of the same, standing and/or walking 6 hours in an 8-hour workday, and sitting 6 hours in an 8-hour workday. She can perform frequent overhead reaching with the right (dominant) upper extremity, frequent climbing of ramps and stairs, no climbing of ladders and scaffolds, frequent balancing, frequent stooping, and occasional crawling. She should work in a quiet noise environment, with no concentrated exposure to airborne irritants, and no exposure to hazards. She can perform work with simple and detailed but not complex tasks; and can have occasional brief interaction with coworkers, and no public interaction. She cannot set goals independently (goals must be set by supervisor); and can perform work with few changes in a routine work setting.

AR 18–19. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 27.

At step five, the ALJ found Plaintiff capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 28–29. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations such as assembler of small products, production assembler, and routing clerk. AR 28–29.

Plaintiff raises the following issues on appeal: (1) Whether the ALJ provided clear and

1    convincing reasons for rejecting Plaintiff's testimony about her seizures, migraines, and shoulder

2    pain; and (2) whether the ALJ provided germane reasons for rejecting the lay witness testimony.

3    Plaintiff requests remand for further administrative proceedings. The Commissioner argues the

4    ALJ's decision has the support of substantial evidence and should be affirmed.

5    **1. Subjective Testimony**

6    The ALJ must provide specific, clear, and convincing reasons, supported by substantial

7    evidence, for rejecting a claimant's subjective symptom testimony.[2] *Trevizo v. Berryhill*, 871 F.3d

8    664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). An ALJ may reject

9    a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it

10   merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533

11   F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for

12   rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir.

13   2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

14   Plaintiff alleges she cannot work because she experiences seizures, frequent

15   headaches/migraines, medication side effects, high eye pressure, light sensitivity, extreme anxiety

16   and PTSD, and constant stress. AR 322. Plaintiff alleges she is unable to drive, hold conversations,

17   or follow directions; her multiple appointments interfere with work; and she wears sunglasses all

18   day and finds it difficult to be in stores, doctor offices, home, or outside due to light sensitivity.

19   AR 322. Plaintiff further alleges she experiences trouble sleeping, chronic right shoulder pain,

20   difficulty focusing and counting money, and back pain. AR 323–27. In a September 2019 seizure

21

22   [2] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility"
     from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of
23   character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

questionnaire, Plaintiff alleged a typical seizure makes her feel like "energy zapped out of [her] suddenly" and she needs to lay down, and afterward she is tired, her head pounds, she has head pain, and she feels scared. AR 330–31. Plaintiff alleges her seizures are usually brought on by stress, anxiety, bright lights, migraines/headaches, and lack of sleep. AR 330.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 20.

A.  Seizures

Plaintiff argues the ALJ improperly rejected Plaintiff's symptom testimony by failing to identify with specificity the testimony that the ALJ rejected and failed to explain how the evidence undermined Plaintiff's testimony about the frequency and severity of her seizures. Dkt. 8 at 4. In rejecting a claimant's subjective testimony, the ALJ is required "to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ specifically identified Plaintiff's reports regarding her seizure symptoms and limitations, including Plaintiff's "reported postictal fatigue," "reported memory loss and cognitive slowing," and reports regarding the frequency of her seizures and usefulness of her seizure medication. AR 21–22. However, citing evidence in the record, the ALJ determined Plaintiff's seizures are brief, occur one to two times a month, and are generally controlled by lamotrigine; Plaintiff has no postictal symptoms; and Plaintiff is often left responsive without any neurological deficits. AR 22. The ALJ thus properly identified specific testimony as well as specific evidence in the record that contradicted Plaintiff's testimony. *See Carmickle*, 533 F.3d at 1161 (an ALJ may

1    reject subjective testimony upon finding it contradicted by or inconsistent with the medical record).

2    Substantial evidence supports the ALJ's evaluation of this evidence. Plaintiff testified at the

3    hearing that lamotrigine significantly reduced her seizures from occurring several times a week to

4    occurring one to two times per month and similarly reported to her medical providers that her

5    seizures were "mostly under control." AR 48–49, 1425–26, 1450. Plaintiff reported in April 2020

6    that her seizure episodes lasted from one to two minutes; on a May 2020 seizure questionnaire,

7    Plaintiff reported her seizures lasted from ten to sixty seconds; and, in August 2020, Plaintiff's

8    physician observed a seizure episode and estimated "the event lasted about 1 minute or so." AR

9    379, 1450, 1881. Therefore, the ALJ reasonably found Plaintiff's subjective testimony regarding

10   the frequency and severity of her seizure symptoms to be inconsistent with the medical evidence,

11   and the ALJ's reasoning was specific, clear, and convincing.

12   Plaintiff argues the ALJ improperly found Plaintiff's testimony undermined by evidence

13   showing her seizures were well controlled with medication and lasted only a couple of minutes.

14   Dkt. 8 at 5–7. "[I]mpairments that can be controlled effectively with medication are not disabling."

15   *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). As discussed above,

16   substantial evidence, including Plaintiff's hearing testimony and reports to her medical providers,

17   supports the ALJ's determination that Plaintiff's seizures were well controlled with medication.

18   *See* AR 48–49, 1425–26, 1450. Substantial evidence further supports the ALJ's determination that

19   Plaintiff's seizures were brief, including Plaintiff's own reports as well as medical observations

20   that Plaintiff's seizures lasted one to two minutes. *See* AR 379, 1450, 1881. Plaintiff argues her

21   seizures have a greater impact than the ALJ found because she has also reported her seizures last

22   from two to ten minutes and leave her feeling her tired. Dkt. 8 at 5; *see* AR 331 (reporting she was

23   "not sure" how long her seizures lasted but was told they last between one to ten minutes). Plaintiff

ORDER
PAGE - 6

offers an alternative interpretation of the record evidence; however, the ALJ's alternative interpretation is at least equally rational and not properly disturbed. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Therefore, the ALJ reasonably found Plaintiff's testimony regarding her seizures to be inconsistent with evidence showing Plaintiff's seizures were brief and controlled with medication, and the ALJ's reasoning was specific, clear, and convincing.

Plaintiff summarizes the medical records of Plaintiff's seizures between April 2019 and January 2021 and argues "the ALJ's discussion of the evidence provided an incomplete picture." Dkt. 8 at 5–7. Plaintiff has not identified error in the ALJ's evaluation of the record evidence; rather, Plaintiff again provides an alternative interpretation of the medical evidence, which fails to show reversible error in the ALJ's equally rational interpretation. *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

Plaintiff next argues the ALJ improperly rejected Plaintiff's testimony based on Plaintiff's failure to follow prescribed treatment for her seizures. Dkt. 8 at 7–8. An ALJ may reject a claimant's subjective testimony based on an unexplained or inadequately explained failure to seek or follow through with treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ noted that, during the relevant period, Plaintiff's seizure events and symptoms increased when she missed lamotrigine doses. AR 21. However, the ALJ's decision does not indicate the ALJ rejected Plaintiff's testimony based on Plaintiff's missed doses of lamotrigine; rather, the ALJ frequently noted the lamotrigine medication was effective in controlling Plaintiff's seizures. *See* AR 21–22, 26–27. As discussed above, an ALJ may discount a claimant's subjective testimony where the claimant's impairments are effectively controlled with medication. *See Warre*, 439 F.3d at 1006. Therefore, Plaintiff has not shown the ALJ erred by considering evidence showing

ORDER
PAGE - 7

1    Plaintiff's seizure symptoms and events increased when Plaintiff's missed her medication.

2         Plaintiff argues the ALJ's conclusion Plaintiff could return to work after a seizure is

3    inconsistent with the evidence and unreasonable. Dkt. 8, at 8. Although Plaintiff reported feeling

4    tired after a seizure and "sometimes" needing to go to bed, Plaintiff testified at the hearing that she

5    can return to her prior activity after ten minutes depending on the intensity of a seizure episode.

6    AR 49. Similarly, after observing Plaintiff experiencing a seizure event, Plaintiff's physicians

7    described Plaintiff to be awake and alert, with normal comprehension and speech, and "coherent

8    immediately afterwards and there is no postictal period." AR 21, 1881, 1901. Based on Plaintiff's

9    testimony and the medical evidence, the ALJ reasonably determined Plaintiff would be able to

10   return to her job duties after a seizure.

11        Plaintiff argues the ALJ improperly found Plaintiff's symptom testimony regarding her

12   seizures to be inconsistent with Plaintiff's ability to perform daily activities. Dkt. 8 at 8–10. When

13   evaluating a claimant's subjective symptom testimony, an ALJ may use evidence of a claimant's

14   activities to show inconsistency with the testimony or to show the claimant's activities meet the

15   threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The

16   ALJ determined Plaintiff's ability to persist in driving and cooking "without injury or accidents

17   due to seizures (such as car accidents or kitchen fires)" did not suggest greater limitations due to

18   her seizures.[3] AR 25. These activities are neither clearly transferrable to a work setting nor do they

19   contradict Plaintiff's testimony. Plaintiff reported she does not drive on days when she has a

20   seizure and only prepares meals one to three times per week but does not "have focus or energy"

---

[3] Plaintiff argues that the ALJ also rejected Plaintiff's seizure testimony based on Plaintiff's ability to go to grocery stores, go for walks, and monitor her children's remote schooling. Dkt. 8, at 9. Although the ALJ identified several activities of Plaintiff's daily living, the ALJ's decision only clearly identifies Plaintiff's ability to persist in driving and cooking to be inconsistent with Plaintiff's seizure testimony. AR 25; *see Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court must "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ").

ORDER
PAGE - 8

and is constantly tired and stressed. AR 51, 324. Therefore, the ALJ improperly found Plaintiff's testimony to be inconsistent with her daily activities.

Although the ALJ erred by finding Plaintiff's symptom testimony to be inconsistent with Plaintiff's daily activities, the ALJ's error is harmless in this case. As discussed above, the ALJ provided other valid reasons for discounting Plaintiff's testimony regarding her seizures, including inconsistency with the objective medical evidence and evidence showing Plaintiff's seizures were effectively controlled with medication. *See Carmickle*, 533 F.3d at 1162 (an error in the ALJ's evaluation of symptom testimony finding is harmless so long as other valid reasons support the ALJ's ultimate conclusion). Additionally, the RFC adequately considers and accounts for Plaintiff's seizure symptoms and limitations. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination"). The ALJ explained he assessed RFC limitations "designed to accommodate fatigue . . . , reduce [Plaintiff's] risk of seizures due to stress, and limit her risk of injury while climbing or around hazards." AR 21. The ALJ further restricted Plaintiff to simple and detailed tasks in a routine setting to "allow for quick return to work after a seizure." AR 21. Therefore, even if the ALJ improperly evaluated Plaintiff's testimony regarding her seizure symptoms, this error would be harmless because the RFC reasonably accounts for limitations from Plaintiff's seizures.

B.   Migraines

Plaintiff argues the ALJ improperly found Plaintiff's testimony regarding her migraines to be inconsistent with Plaintiff's normal neurological examinations. Dkt. 8 at 10. Plaintiff argues the ALJ's finding is contrary to Social Security Regulation (SSR) 19-4p, which provides "primary headache disorders are not diagnosed on the basis of particular neurological examination findings."

*Id.* The ALJ determined Plaintiff's normal neurological examinations did not support additional limitations in the RFC to account for Plaintiff's migraine symptoms. AR 22. The ALJ cited medical evidence describing Plaintiff as "[p]ositive for headaches" but with "[n]o new weakness or mental confusion." AR 22, 1273. Elsewhere in the decision, the ALJ cited treatment notes observing Plaintiff to be "alert and oriented to person, place, and time" with "[n]o cranial nerve deficit" and normal coordination. *See, e.g.*, AR 22, 879, 952, 969, 1118, 1730, 1906. The ALJ, however, failed to explain how or why this evidence was inconsistent with Plaintiff's testimony regarding the frequency or severity of her migraines—indeed, none of the records cited by the ALJ reasonably describe Plaintiff's neurological status during or after a migraine event. Therefore, the ALJ improperly found Plaintiff's testimony regarding her migraine symptoms to be inconsistent with normal neurological findings, and the ALJ's reasoning was not specific, clear, or convincing.

Plaintiff argues the ALJ improperly found Plaintiff's migraines to be well controlled with medication. Dkt. 8 at 10–11. The ALJ determined Plaintiff's "reported benefit with Imitrex . . . do not support additional limitations." AR 22. Substantial evidence supports the ALJ's determination. *See Warre*, 439 F.3d at 1006 ("[I]mpairments that can be controlled effectively with medication are not disabling."). Plaintiff reported to her providers that Imitrex helps her "feel better in about an hour" but, without Imitrex, "the headache will last all day." AR 1263, 1338. At the hearing, Plaintiff testified she gets migraines "occasionally" and after having a seizure, estimating that she experiences a migraine on average once a month. AR 56–57. Plaintiff further testified treatment, including medication and a lumbar puncture procedure, has helped with the migraines. AR 57. Plaintiff argues other evidence shows Plaintiff continued to experience migraines and, on at least one occasion, reported Imitrex did not help. Dkt. 8 at 11 (citing AR 1128). Plaintiff's alternative interpretation of the evidence, however, does not show error in the ALJ's equally rational

interpretation of the evidence. *See Thomas*, 278 F.3d at 954. Therefore, the ALJ reasonably found Plaintiff's testimony regarding debilitating migraines to be inconsistent with evidence showing medication controlled her migraine symptoms, and the ALJ's reasoning was specific, clear, and convincing.

Although the ALJ erred by finding Plaintiff's migraine testimony to be inconsistent with Plaintiff's neurological findings, the ALJ's error was harmless in this case. *See Stout*, 454 F.3d at 1055. As discussed above, the ALJ reasonably determined Plaintiff's migraines were controlled with medication. *See Bray*, 554 F.3d at 1227 (an ALJ's error in rejecting subjective testimony is harmless where the ALJ gave other valid independent reasons for discounting the testimony). Additionally, the RFC adequately accounts for the Plaintiff's migraine symptoms. As the ALJ explained, the RFC provides limitations "to avoid triggering the claimant's migraines and limit her risk of injury due to disorientation or distraction during migraines." AR 22. Therefore, the ALJ's error is harmless because the ALJ provided other valid reasons for discounting Plaintiff's migraines testimony and because the RFC adequately accounts for Plaintiff's migraine symptoms.

C. <u>Harmful Error</u>

Plaintiff argues the ALJ's errors in evaluating Plaintiff's testimony regarding her seizure and migraine symptoms was harmful because the RFC fails to account for "unscheduled breaks or full-day absences" on account of her seizures and migraines. Dkt. 8 at 13. Plaintiff further argues Plaintiff "would not be productive and would pose a safety risk to herself and others if she tried to perform her work duties." *Id.* As discussed above, substantial evidence supports the ALJ's evaluation of Plaintiff's subjective testimony regarding her seizure and migraine symptoms and limitations. The ALJ determined Plaintiff's seizures were brief, after which she remained coherent and was able to return to her activities, and medication effectively controlled Plaintiff's symptoms

from her seizures and migraines. Additionally, as the ALJ explained, the RFC limitations are designed to avoid triggering Plaintiff's seizures and migraines and limit her risk of injury from these impairments, including by restricting Plaintiff from climbing ladders or scaffolds, being exposed to hazards or concentrated airborne irritants, performing complex tasks, interacting with the public, and having more than a few changes in a routine work setting. AR 18–19. Therefore, Plaintiff has not shown that any error in the ALJ's evaluation of Plaintiff's testimony would be harmful in this case.

Plaintiff further argues her subjective testimony supports finding her seizures and migraines meet or equal Listing 11.02(B) and (D) pertaining to epilepsy.[4] Dkt. 8 at 12. As discussed above, Plaintiff has not shown the ALJ erred in evaluating Plaintiff's testimony regarding her seizures and migraines. Accordingly, Plaintiff has not shown the ALJ harmfully erred at step three of the sequential analysis.

D.   Shoulder Pain

Plaintiff summarizes the medical records of Plaintiff's right shoulder impairment between August 2018 and January 2021 and argues substantial evidence does not support the ALJ evaluation of the medical evidence. Dkt. 8 at 13–16. Plaintiff has not identified error in the ALJ's evaluation of the record evidence; rather, Plaintiff provides an alternative interpretation of the medical evidence, which fails to show reversible error in the ALJ's equally rational interpretation.

---

[4] Although the ALJ considered Plaintiff's seizure disorder under Listing 11.02, the ALJ did not find Plaintiff experienced epileptic seizures; rather, the medical record indicates Plaintiff experienced non-epileptic seizures. *See* AR 20–21. A 2019 EEG and a 2020 ambulatory EEG captured only non-epileptic episodes, and Plaintiff's providers have observed Plaintiff's seizures to be consistent with non-epileptic events. *See* AR 1883, 1907, 2034–42. The record does not indicate Plaintiff has yet undergone video EEG monitoring to identify epileptic seizures. *See* AR 21, 1883, 2032. Listing 11.00(H) provides that non-epileptic seizures are not considered under Listing 11.02; rather, non-epileptic seizures are considered under Listing 12.07. *See* 20 C.F.R. pt. 404, subpt P, app. 1, 11.00. The ALJ also considered Plaintiff's mental impairments "singly and in combination" and determined they do not meet or medically equal the criteria of 12.07.

*See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

Plaintiff argues that the ALJ's rejection of Plaintiff's testimony regarding her right shoulder impairment "constituted harmful error because it undermined his finding that she could perform light work." Dkt. 8 at 16. As discussed above, Plaintiff has not identified error in the ALJ's evaluation of Plaintiff's testimony regarding her right shoulder symptoms. Even if the ALJ did err in evaluating Plaintiff's testimony, the error would be harmless. *See Stout*, 454 F.3d at 1055. As the ALJ explained, the ALJ considered Plaintiff's shoulder pain, weakness, and limited range of motion and assessed limitations in the RFC to "accommodate range of motion and strength deficits, and . . . to limit the claimant's risk of injury and avoid exacerbating her symptoms." AR 23. The ALJ further explained the RFC assesses hazard limitations to "avoid injury due to distraction due to pain or the effects of pain medication." AR 23. Therefore, even if the ALJ erred in evaluating Plaintiff's symptom testimony regarding her right shoulder impairment, this error would be harmless because the RFC accounts for Plaintiff's symptoms and limitations from her right shoulder impairment.

## 2. Lay Witness Testimony

Plaintiff argues the ALJ improperly rejected the lay witness testimony of Plaintiff's then-boyfriend. Dkt. 8 at 17. The lay witness completed two seizure questionnaires dated September 2019 and May 2020 as well as a Third Party Function Report. AR 310–11, 314–21, 368–77. "[L]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."[5] *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

---

[5] The Ninth Circuit has not yet addressed the 2017 regulations in relation to the standard of review for lay witness opinions.

Plaintiff argues that the ALJ rejected the lay witness testimony "for essentially the same invalid reasons he rejected [Plaintiff's] testimony." Dkt. 13, at 18. As discussed above, the ALJ properly evaluated Plaintiff's subjective symptom testimony and reasonably found the medical evidence, as well as evidence Plaintiff's seizure and migraine symptoms were controlled with medication, to be inconsistent with Plaintiff's claims of debilitating impairments. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaint, and because [the lay witness] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness] testimony."). Accordingly, the ALJ provided germane reasons for discounting the lay witness testimony, and Plaintiff has not shown that the ALJ erred.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 5th day of May, 2023.

MARY ALICE THEILER
United States Magistrate Judge

ORDER
PAGE - 14